[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

_____

No. 10-11375
Non-Argument Calendar

_____

D.C. Docket No. 0:08-cv-60791-JIC

RAUL SANTIDRIAN,
PAULA SANTIDRIAN,

Plaintiffs - Appellants,

versus

LANDMARK CUSTOM RANCHES, INC.,
a Florida Corporation,
JOE CAPRIO,
Individually,

Defendants - Appellees,

RICK BELL,
Individually,
a.k.a. Richard Bell,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2010)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Raul and Paula Santidrian appeal the grant of summary judgment in favor of Joe Caprio, an agent in a home buying deal between the Santidrians and the developer of a housing subdivision. The Santidrians alleged, inter alia, that Caprio was liable for civil penalties stemming from the developer's failure to comply with certain reporting requirements under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–1720, ("ILSFDA"). The district court granted summary judgment in favor of Caprio after concluding that the statute did not reach Caprio's conduct. We agree and affirm.

## I.

The Santidrians contracted with Landmark Custom Ranches, Inc. ("the developer"), for the sale and purchase of a single family home in Broward County, Florida. Caprio served as the listing agent for the property in question. In this capacity, Caprio "showed the property and acted as a go-between for other defendants," but did not negotiate the final contract. Relations ultimately soured between the parties, and the Santidrians brought this suit to recover their initial down payment.

As relevant to this appeal, the Santidrians seek to hold Caprio responsible for the developer's alleged failure to comply with certain reporting requirements of the ILSFDA. The district court granted summary judgment for Caprio. The court recognized that the plain terms of the ILSFDA apply to both "developers" and "agents," and also that policy reasons supported holding Caprio liable, but nonetheless granted judgment for Caprio, because

> the Plaintiffs [did] not come forward with any case law holding real estate agents liable under [ILSFDA] where the principal was known at the time of contract, where there was no evidence of any violation of § 1703(a)(2), where the agent did not have authority to set the price, and where there was no evidence that the agent had personal responsibility for compliance with the registration and reporting requirements of the [ILSFDA].

In the absence of any controlling authority, the court relied upon traditional agency principles, which it held prohibited holding an agent liable who had no "personal involvement in a violation of the [ILSFDA]." The Santidrians appeal this outcome.

II.

We review a district court's grant of summary judgment de novo, "applying the same legal standards that bound the District Court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (quotation

3

marks omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006). We review the district court's construction and application of the law de novo. Holton v. Thomasville School Dist., 490 F.3d 1257, 1261 (11th Cir. 2007) (citation omitted).

The Santidrians argue that Caprio is liable under the ILSFDA's "plain and unambiguous language." Specifically, they contend that Caprio is an agent as defined by the Act, and further that the Act imposes strict liability upon agents for their principal's reporting failures. This argument fails, however, because even assuming that Caprio is an agent as defined by the ILSFDA, his conduct did not violate the Act.

The ILSFDA "is a consumer protection statute 'that was intended to curb abuses accompanying interstate land sales.'" Stein v. Paradigm Mirasol, LLC, 586 F.3d 849, 853 (11th Cir. 2009) (quoting Winter v. Hollinsworth Props., Inc., 777 F.2d 1444, 1448 (11th Cir. 1985)). "The underlying purpose of [the ILSFDA] is that prior to the purchase the buyer must be informed of facts which would enable a reasonably prudent individual to make an informed decision about purchasing

4

the . . . property." Paquin v. Four Seasons of Tennessee, Inc., 519 F.2d 1105, 1109 (5th Cir. 1979).[1]  To this end, the Act requires that a party selling regulated property must prepare property reports and other disclosures prior to conducting a final transaction.  See, e.g., 15 U.S.C. §§ 1703(a), 1707.

Violators of these requirements face civil penalties under section 1709. This provision states, in relevant part:

(a) Violations; relief recoverable

A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title. In a suit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable. In determining such relief the court may take into account, but not be limited to, the following factors: the contract price of the lot or leasehold; the amount the purchaser or lessee actually paid; the cost of any improvements to the lot; the fair market value of the lot or leasehold at the time relief is determined; and the fair market value of the lot or leasehold at the time such lot was purchased or leased.

(b) Enforcement of rights by purchaser or lessee

A purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title.

15 U.S.C. § 1709.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The Santidrians contend that because section 1709 applies to both "developer[s] or agent[s]," the statute by its plain terms authorizes them to hold Caprio liable for the developer's malfeasance. In support of this construction, they also point to amendments made by Congress years after the statute was first enacted. Specifically, before 1979, the ILSFDA imposed liability on "[a]ny developer or agent, who sells or leases a lot in a subdivision . . ." See Paquin, 519 F.2d at 1109 (discussing 15 U.S.C. 1709(b) (1974)) (emphasis added). The Paquin court concluded that under this language, an agent could not be held liable where she lacked authority to execute a sale. Id. at 1111. In 1979, however, Congress removed the clause "who sells or leases," which the Santidrians submit indicates Congressional intent to expand the ILSFDA's scope and hold agents liable agents even if they do not actually effect a sale. As the district court recognized, the Santidrians thus interpret the statute to impose strict liability upon an agent for the principal's failure to comply with section 1703's reporting requirements.

We do not agree that the ILSFDA imposes this sort of strict liability for failure to meet the reporting requirements. The Santidrians's argument fails because, even after the 1979 amendments, the statute still distinguishes between agents who effect a sale, as opposed to those involved in the transaction in other

6

ways.  Specifically, section 1703(a)(1) imposes disclosure requirements upon "any developer or agent" who, "with respect to the sale or lease of any lot not exempt under section 1702," fails to provide certain reports and records regarding the property.  15 U.S.C. § 1701(a)(1).  Section 1703(a)(2), by contrast, prohibits certain fraudulent practices and applies to "any developer or agent . . . with respect to the sale or lease, <u>or offer to sell or lease</u>, any lot not exempt under section 1702(a) of this title . . .."  15 U.S.C. § 1703(a)(2) (emphasis added).  Thus, by its own terms the ILSFDA imposes more extensive liability on agents who engage in fraud than upon those involved in transactions that fail to comply with the statute's reporting requirements.[2]

Determining the proper scope of the statute's liability regime in turn resolves this appeal.  First, it is undisputed that Caprio did not personally violate, supervise, or otherwise take part in any violations of section 1703(a)(1).  Rather, his role was that of salesperson.  He showed the property, marketed it, prepared and distributed promotional materials, and otherwise took steps to favorably represent the property, but did not actually sell the property.  Caprio thus did not

---

[2] Although Congress surely could have enacted a strict liability regime, our conclusion that they did not do so in the ILSFDA is supported by the fact that such strict liability is foreign to common law agent liability in analogous circumstances.  <u>See</u> <u>Meyer v. Holley</u>, 537 U.S. 280, 285 (2002) ("[W]hen Congress creates a tort action, it legislates against a legal backdrop of ordinary tort-related . . . liability rules and consequently intends its legislation to incorporate those rules.").

violate section 1703(a)(1). Second, we find no evidence that Caprio acted in a fraudulent or otherwise misleading manner in his role as salesperson. We also agree with Caprio that the Santidrians have not established materiality or detrimental reliance regarding any possible misrepresentations by Caprio. See Kalil v. Blue Heron Beach Resort Developer, LLC, - - - F. Supp. 2d - - -, 2010 WL 2611738, *11 (M.D. Fla. June 28, 2010). Thus, the Santidrians do not allege, nor does the record support, holding Caprio liable under section 1703(a)(2).

Having concluded that Caprio is not liable under the ILSFDA, we turn to whether he may be liable under the common law. Under longstanding principles of agency law, an agent is not liable for a principal's malfeasance where the principal's identity was disclosed. See Windward Traders, Ltd. v. Fred S. James & Co. of New York, Inc., 855 F.2d 814, 820 & n.9 (11th Cir. 1988); Chung Yong Il v. Overseas Navigation Co., 774 F.2d 1043, 1056 (11th Cir. 1985) ("[o]ne who acts in the capacity of an agent for a disclosed principal is not liable for claims arising out of a contract executed by the agent on behalf of the principle [sic]."). Because the principals were disclosed to the Santidrians at all times throughout this litigation, they thus cannot hold Caprio liable for torts related to the property transaction that he did not personally commit.

For these reasons, the judgment of the district court is AFFIRMED.

8